UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| DAVID R. JOHNSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   CV422-166 |
| | ) |
| TOMMY BOWEN, WARDEN, | ) |
| | ) |
| Respondent. | ) |

# REPORT AND RECOMMENDATION

*Pro se* petitioner David R. Johnson filed a petition pursuant to 28 U.S.C. § 2254 on June 16, 2022.[1]  *See generally* doc. 1.  As discussed below, since it appears from the face of his Petition that is untimely, it should be **DISMISSED**.  *See* Rule 4, Rules Governing Section 2254 Cases ("If it plainly appears from the petition and any attached exhibits that

---

[1] "Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n. 2 (11th Cir. 2009).  "Absent evidence to the contrary in the form of prison logs or other records, [courts] will assume that [a prisoner's filing] was delivered to prison authorities the day he signed it . . . ." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).  Johnson declares, under penalty of perjury, that his petition "was placed in the prison mailing system on 6/16/22."  Doc. 1 at 15.

the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . .")

Under the Anti-terrorism and Effective Death Penalty Act ("AEDPA"), federal habeas petitions brought under 28 U.S.C. § 2254 are subject to a one-year statute of limitations. 28 U.S.C. §2244(d)(1). The limitations period is calculated, with several exceptions not relevant here, from "the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). That clock is stopped only by the pendency of a properly filed state collateral review proceeding. 28 U.S.C. § 2244(d)(2); *Rich v. Sec'y for Dep't of Corr.*, 512 F. App'x 981, 982-83 (11th Cir. 2013); *Nesbitt v. Danforth*, 2014 WL 61236 at *1 (S.D. Ga. Jan. 7, 2014) ("28 U.S.C. § 2244(d)(1)'s one-year clock ticks so long as the petitioner does not have a direct appeal or collateral proceeding in play."). Hence, sitting on any claim and creating time gaps between proceedings can be fatal. *Kearse v. Sec'y, Fla. Dep't of Corr.*, 736 F.3d 1359, 1362 (11th Cir. 2013); *Nesbitt*, 2014 WL 61236 at *1. Once the one-year clock runs out, it cannot be restarted or reversed merely by filing a new state court or federal action. *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000)

(a state post-conviction motion filed after expiration of the limitations period cannot toll the period, because there is no period remaining to be tolled); *Nowill v. Barrow*, 2013 WL 504626 at *1 n. 3 (S.D. Ga. Feb. 8, 2013); *Dixon v. Hart*, 2013 WL 2385197 at *3 (S.D. Ga. May 21, 2013); *Nesbitt*, 2014 WL 61236 at *1.

Johnson alleges that he was convicted of malice murder and aggravated assault in the Superior Court of Chatham County, Georgia on November 6, 2006. *See* doc. 1 at 1. Johnson did not file an appeal, *see id.* at 2, so his conviction became final when the thirty-day period to appeal expired. *See* O.C.G.A. § 5-6-38(a); *see also, e.g., Sanders v. Comm'r, Ga. Dept. of Corrs.*, 826 F. App'x 757, 759 n. 1 (11th Cir. 2020). The conviction, therefore, became final on December 6, 2006. The one-year clock ran out in December 2007, more than fifteen years before his Petition was filed. His Petition states that he did not file "any other petitions, applications, or motions" concerning the challenged judgment until "March 2022." Doc. 1 at 3. Even assuming that the motion he

identifies could have affected the one-year clock,[2] it could not restart it. His Petition is, therefore, untimely.

Johnson's untimely petition "may still be timely if the petitioner is entitled to equitable tolling." *Aureoles v. Sec'y, D.O.C.*, 609 F. App'x 623, 624 (11th Cir. 2015) (*citing Damren v. Florida*, 776 F.3d 816, 821 (11th Cir. 2015)). "A petitioner is entitled to equitable tolling if he can demonstrate that: (1) he has pursued his rights diligently; and (2) an extraordinary circumstance prevented him from filing a timely petition." *Id.*; *see also Holland v. Florida*, 560 U.S. 631, 649 (2010). Johnson does not assert any basis for equitable tolling. *See* doc. 1 at 13-14. He does allege that his "counsel failed to inform [him] of [his] right to appeal the conviction . . . ." Doc. 1 at 3. As this Court has explained, however, "[a]ttorney misinformation resulting in a missed deadline does not usually establish an extraordinary circumstance[,]" warranting equitable tolling. *See Roberts v. Owens*, 2015 WL 4770099, at *1-*2 (S.D. Ga. Aug. 12, 2015); *see also Harris v. Hall*, 2019 WL 11364968, at *2 (N.D. Ga. Feb.

---

[2] The United States District Court for the Middle District of Georgia has held that "a motion for an out-of-time appeal under Georgia law does not qualify as an application for collateral review . . . ." *Thurman v. McLaughlin*, 2016 WL 4546373, at *2 (M.D. Ga. Aug. 31, 2016). Thus, such a motion cannot toll the one-year period, pursuant to § 2244(d)(2).

4

25, 2019) (finding that § 2254 petitioner was not entitled to equitable tolling based on allegation that "trial counsel failed to advise him of his right to appeal."). "The burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner." *Lugo v. Sec'y, Fla. Dept. of Corr.*, 750 F.3d 1198, 1209 (11th Cir. 2014) (internal quotation and citation omitted). Johnson has not borne that burden.

Since Johnson's § 2254 petition was untimely filed, and he has not shown any circumstance that would warrant equitable tolling, his petition should be **DISMISSED**. This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

Applying the Certificate of Appealability (COA) standards, which are set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not

be taken in good faith.  Thus, *in forma pauperis* status on appeal should likewise be **DENIED**.  28 U.S.C. § 1915(a)(3).

**SO ORDERED**, this 14th day of July, 2022.

_____
Christopher L. Ray
United States Magistrate Judge
Southern District of Georgia