IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| DAVID R. JOHNSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CASE NO. CV422-166 |
| | ) |
| TOMMY BOWEN, Warden, | ) |
| | ) |
| Respondent. | ) |

### O R D E R

Before the Court is the Magistrate Judge's July 14, 2022, Report and Recommendation (Doc. 3), to which Petitioner has filed an Objection (Doc. 4). After a careful review of the record,[1] Petitioner's objections are **OVERRULED** (Doc. 4), and the report and recommendation (Doc. 3) is **ADOPTED** as the Court's opinion in this case.

The Magistrate Judge recommended dismissing Petitioner's petition as untimely. (Doc. 3 at 5.) Since Petitioner's conviction became final on December 6, 2006, and Petitioner did not seek any state collateral review of that conviction until March 2022, the

---

[1] The Court reviews de novo a magistrate judge's findings to which a party objects, and the Court reviews for clear error the portions of a report and recommendation to which a party does not object. 28 U.S.C. § 636(b)(1); see Merchant v. Nationwide Recovery Serv., Inc., 440 F. Supp. 3d 1369, 1371 (N.D. Ga. 2020) (outlining the standard of review for report and recommendations (citing Macort v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006) (per curiam))).

Magistrate Judge found the one-year limitations period established by 28 U.S.C. § 2244(d) ran out "more than fifteen years before his Petition was filed." (Id. at 3.) The Magistrate Judge also determined that Petitioner did not present any fact that would support equitable tolling of the limitation period. (Id. at 4-5.)

In his objection, Petitioner identifies several circumstances potentially relevant to the timeliness of his petition. First, Petitioner refers to "the denial of [his] [o]ut-of-[t]ime [a]ppeal by the Superior Court of Chatham County on March 2022 [sic]." (Doc. 4 at 1.) In the report and recommendation, the Magistrate Judge noted, albeit not explicitly, that Petitioner alleged that he had challenged the judgment against him in state court in March 2022. (See Doc. 3 at 3-4, 4 n.2.) Since the one-year limitations period expired many years before Petitioner's 2022 challenge, the Magistrate Judge explained that this challenge could not have affected the one-year clock. (See id. at 2-3 (citing Webster v. Moore, 199 F. 3d 1256, 1259 (11th Cir. 2000).) Therefore, Petitioner's first objection does not undermine the Magistrate Judge's conclusion that Petitioner's petition is untimely pursuant to § 2244(d).

Second, Petitioner repeats the allegation already considered by the Magistrate Judge that his attorney did not advise him of his appeal rights in 2006. (Doc. 4 at 2.) Petitioner alleges his attorney's failure to do so constitutes ineffective assistance of

2

counsel under the Supreme Court's opinion in Roe v. Flores-Ortega, 528 U.S. 470, 120 S. Ct. 1029, 145 L. Ed. 2d 985 (2000). (Id. at 2-3.) Although Petitioner's petition is untimely, it might be considered if it is entitled to equitable tolling. (See Doc. 3 at 4 (citing Aureoles v. Sec'y, D.O.C., 609 F. App'x 623, 624 (11th Cir. 2015).) Equitable tolling only applies if a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649, 130 S. Ct. 2549, 2562, 177 L. Ed. 2d 130 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814, 161 L. Ed. 2d 669 (2005)); see also Lawrence v. Florida, 549 U.S. 327, 336, 127 S. Ct. 1079, 1085, 166 L. Ed. 2d 924 (2007). However, "a prisoner's failure to set forth grounds to excuse his delay in seeking state habeas relief 'precludes a finding that he exercised due diligence.'" Perez v. Florida, 519 F. App'x 995, 997 (11th Cir. 2013) (quoting Rivers v. United States, 416 F.3d 1319, 1323 (11th Cir. 2005)). Even assuming that Petitioner's invocation of Flores-Ortega was sufficient to allege an "extraordinary circumstance,"[2] his failure

---

[2] To be clear, the Court does not find that Petitioner has alleged that his attorney's performance was deficient. Flores-Ortega does not hold that an attorney's failure to advise a defendant of their appeal rights is per se deficient performance. See 528 U.S. 479, 120 S. Ct. at 479 ("We cannot say, as a constitutional matter, that in every case counsel's failure to consult with the defendant about an appeal is necessarily unreasonable, and therefore deficient."). Additionally, the remedies that might be available

3

to provide any explanation for his failure to take any action to challenge his conviction between 2006 and 2022 forecloses any finding that he has pursued his rights diligently. Thus, Petitioner's second objection does not undermine the Magistrate Judge's recommendation.

Finally, Petitioner alleges that his indictment was "void to the extent it fail[ed] to allege all the essential elements of [the] crime or crimes charged." (Doc. 4 at 4-6.) The Court might charitably construe Petitioner's argument concerning the defects in his indictment as an argument that he is actually innocent. "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations." McQuiggin v. Perkins, 569 U.S. 383, 386, 133 S. Ct. 1924, 1928, 185 L. Ed. 2d 1019 (2013). "[H]owever, . . . tenable actual-innocence gateway pleas are rare . . . ." Id. Moreover, alleged defects in an indictment assert, at most, legal insufficiency, not the factual innocence required to avoid the time bar. See Justo v. Culliver,

---

through the state courts do not affect the time limitations Congress has imposed on federal habeas petitions. Therefore, the Supreme Court of Georgia's opinion that "[i]f a defendant's right to appeal from a guilty plea . . . is frustrated by the constitutionally ineffective assistance of plea counsel in advising the defendant about or pursuing those post-conviction remedies, the defendant may seek an out-of-time appeal in the trial court or in habeas corpus," Dos Santos v. State, 834 S.E.2d 733, 740, 307 Ga. 151, 159 (2019), is similarly unavailing.

4

317 F. App'x 878, 880-81 (11th Cir. 2008) ("For purposes of the 'actual innocence' exception[,] . . . the petitioner must show 'factual innocence, not mere legal insufficiency.'" (quoting Bousley v. United States, 523 U.S. 614, 623, 118 S. Ct. 1604, 1611, 140 L. Ed. 2d 828 (1998))). Even assuming the alleged defects were sufficient to implicate the state court's jurisdiction, "[a] number of federal courts . . . have dismissed as untimely § 2254 petitions filed outside the one-year limitations period, even though the petitions challenged the state trial courts' jurisdiction to convict and sentence the petitioners." Wallace v. Sec'y, Fla. Dep't of Corr., No. 4:16cv484-WS/CAS, 2017 WL 3711808, at *1 (N.D. Fla. Aug. 28, 2017) (collecting cases).

In summary, Petitioner does not dispute the Magistrate Judge's calculation of the date on which his state court judgment became final or the date on which § 2244(d)'s one-year clock expired. Petitioner's petition is, therefore, untimely. Neither his original petition, as the Magistrate Judge concluded, nor his objection, as discussed above, allege any fact sufficient to avoid the time bar. Accordingly, Petitioner's Petition under 28 U.S.C. § 2254 is **DISMISSED**. (Doc. 1.) The Clerk of Court is **DIRECTED** to close this case.

Applying the Certificate of Appealability (COA) standards set forth in Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no

COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.").

SO ORDERED this 27th day of December 2022.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA